# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-1869-WJM

NATASHA R. TORRES,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

# ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Natasha R. Torres ("Torres") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Torres was not disabled within the meaning of the Social Security Act. This appeal followed.

For the reasons set forth below, the ALJ's decision is vacated and this case is remanded to the Commissioner for further proceedings consistent with this order.

## I. BACKGROUND

Torres was born in 1976 and was 36 years old on the alleged onset date of March 22, 2013. (Administrative Record ("R.") (ECF No. 11) at 11, 60.)[2] Torres

---

[1] Nancy Berryhill is automatically substituted for Carolyn Colvin under Federal Rule of Civil Procedure 25(d).

[2] Torres's original alleged onset date was February 6, 2012, but she later amended that

received her GED and took some community college classes. (R. at 73, 158–60.) In the fifteen years preceding the alleged onset date, she worked as a food demonstrator, "cashier checker," customer service clerk, restaurant cashier, and hostess. (R. at 21, 72–73.)

Torres applied for supplemental security income on April 16, 2013, with a protective filing date of March 22, 2013. (R. at 131.) She claimed that she is disabled due to the following conditions: multiple spinal degenerative conditions, anxiety, depression, osteoarthritis, hyperthyroidism, and chronic pain syndrome. (R. at 60.) Her application was denied on October 17, 2013. (R. at 74.) Torres requested and received a hearing in front of an ALJ, Janice E. Shave. (R. at 29.) On January 14, 2015, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[3]

At step one, the ALJ found that Torres had not engaged in substantial gainful activity since March 22, 2013. (R. at 13.)

At step two, the ALJ found that Torres suffered from "the following severe impairments: obesity, asthma, degenerative disc disease, central spinal canal stenosis, osteoarthritis, and chronic pain syndrome." (*Id.* (citation omitted).)

---

to March 22, 2013. (*See* R. at 32.)

[3] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

At step three, the ALJ found that Torres's impairments, while severe, did not meet or medically equal any of the "listed" impairments in the Social Security regulations. (R. at 15.)

Before proceeding to step four, the ALJ assessed Torres's residual functional capacity ("RFC"). The ALJ concluded that Torres has the RFC

> to perform sedentary work as defined in 20 CFR 416.967(a) with a sit-stand option at approximately 30-minute intervals to allow [for] an opportunity to shift positions or to alternate from sitting to standing. The claimant would not be off task more than 1 minute during these transitions. She can never crouch, crawl, or climb ladders, ropes, or scaffolds; she can occasionally balance without the use of a handheld assistive device, stoop, and kneel climb stairs and ramps;[4] she can frequently feel with the right upper extremity. The claimant is capable of understanding, remembering, and carrying out simple instructions, but she cannot perform work[] which requires directing others, abstract thought, or planning. She is capable of up to occasional, minimal, brief, non-transactional interaction with the public. The claimant can have occasional non-team interaction with coworkers and occasional interaction with supervisors.

(R. at 15.) Then, at step four, the ALJ concluded that Torres could not perform any of her past relevant work in light of this RFC. (R. at 21.)

At step five, the ALJ found that Torres's RFC permitted her to work as a document preparer, toy stuffer, and printed circuit board screener, and that all of those jobs exist in sufficient numbers in the regional and national economy. (R. at 21–22.)

Accordingly, the ALJ found that Torres was not entitled to Social Security benefits. (R. at 22.) Torres appealed to the Socials Security Appeals Council (R. at 7),

---

[4] The phrase "kneel climb stairs and ramps" is quoted verbatim from the ALJ's decision. It appears the ALJ meant to say that climbing stairs and ramps is among the activities Torres can perform occasionally, but nothing in this appeal turns on discerning the ALJ's true meaning.

3

which denied review (R. at 1).  Torres then filed this action seeking review of the ALJ's January 14, 2015 decision.  (ECF No. 1.)

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

Torres claims the ALJ committed several errors in assessing her physical and mental abilities.  The Court need only discuss one of those alleged errors.

**A.     Dr. Hynes's Opinions**

Torres's primary challenge is to the ALJ's rejection of certain opinions given by Brian Hynes, M.D., who was Torres's primary caregiver.  (ECF No. 14 at 23–28; *see also* ECF No. 18 at 10 (arguing that the appeal "actually turns on" whether the ALJ

properly rejected Dr. Hynes's opinion, and that such rejection was "the real error").)[5] In the midst of the disability adjudication process, Dr. Hynes provided a medical source statement in which he opined, among other things, that Torres can sit for no more than twenty minutes at a time, and for less than four hours total in an eight hour workday; and that she needs to lie down two to four times per eight hour workday, for twenty to sixty minutes at a time. (R. at 441–42.)

It appears undisputed (and otherwise seems obvious) that if the ALJ had credited these opinions, Torres would be disabled within the meaning of the Social Security Act. The ALJ, however, gave "little weight" to Dr. Hynes's opinions for three reasons:

1. "they are largely contrary to his examination findings, which show multiple pressure points of the spine, but a full range of motion with the neck, no apparent distress, no edema, normal motor strength, and intact sensation";

2. "[t]here are . . . reports of good pain control and stability with pain management"; and

3. "Dr. Hynes appeared to rely heavily on the subjective report of symptoms and limitations provided by [Torres], and seemed to uncritically accept as true most, if not all, of what [Torres] reported."

(R. at 19.) Torres challenges all three reasons as unsupported. The Court will discuss each in turn.

---

[5] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination, particularly in filings with prefatory material (such as a table of contents).

1. "Contrary to His Examination Findings"

The ALJ described Dr. Hynes's examination findings as "show[ing] multiple pressure points of the spine, but a full range of motion with the neck, no apparent distress, no edema, normal motor strength, and intact sensation." (R. at 19.) This description is essentially accurate. (*See* R. at 424, 426, 448, 452, 456 (treatment records from April through September 2013).) What the ALJ does not explain is how anything after the "but" belies Dr. Hynes's opinions that Torres can sit for no more than twenty minutes at a time and no more than four hours in a normal workday, and that she must lie down for two to four times per day for twenty to sixty minutes at a time. Indeed, these exam findings seem to have necessarily nothing to do with tolerance for sitting and the need to lie down—as compared to spinal sensitivity, which has a direct connection to Dr. Hynes's opinions. In any event, the ALJ may not "judg[e] a medical professional on the assessment of medical data." *Thomas v. Barnhart*, 147 F. App'x 755, 759–60 (10th Cir. 2005).

2. "Reports of Good Pain Control and Stability with Pain Management"

Here, the ALJ cited hearing exhibits 6F (R. at 422–33) and 10F (R. at 447–58), and appears to be referring to the following from within those exhibits:

- an August 13, 2013 treatment note in which Torres reported that she takes ibuprofen "every 6 hours when necessary [for] pain and inflammation[,] which works well," and that she "[h]as not [needed] to take pain medication very often [but] only on a when[-]necessary basis" (R. at 426); and

- a December 20, 2013 treatment note in which Dr. Hynes noted that Torres

6

"is followed [*i.e.*, being treated] by [a] pain management physician and is doing well and stable" (R. at 452).

There are at least two problems with the ALJ's characterization of these treatment notes. First, the August 2013 note is more equivocal than the ALJ suggests. It goes on to diagnose chronic pain syndrome and to record that "[p]hysical management of pain discussed at length including rest, ice, heat, range of motion exercises, strength training exercises, stretching exercises." (R. at 427.) Second, the ALJ concluded elsewhere in her decision that Torres's RFC restrictions relating to concentration and ability to interact with others were justified because of Torres's "use of regular pain medication and her alleged pain symptoms." (R. at 20.) Thus, the ALJ concluded that Torres's pain in fact limits her capacity to work. This appears to at least partially undermine her discrediting of Dr. Hynes's opinions.

3. "Rely[ing] Heavily on [Torres's] Subjective Report of Symptoms and Limitations"

Dr. Hynes's treatment notes contain Torres's reports of her own symptoms, as one would expect. (*See* R. at 424, 426, 448, 452, 456.) Some of these reports are fairly severe, particularly in the December 20, 2013 treatment note—dated the same day as Dr. Hynes's medical source statement that the ALJ rejected. On that day, Torres complained that she had

> tried all treatment protocols that have been prescribed for her without complaints[,] with good effort[,] and despite those treatments [she is] not responding [and in] fact has progressed in her chronic pain issues. [Torres] states that she is pretty much incapacitated on a daily basis. She does have an occasional good day[,] never without pain, but she suffers for several days being bedridden after those good days.

7

(R. at 452.)

The ALJ seems to be saying that these complaints influenced Dr. Hynes's opinions about the length of time Torres can sit, her need to take breaks, and so forth. An ALJ may not discount an opinion on this basis without evidence of a connection between the subjective complaints and the opinions ultimately rendered. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy." (citation omitted)). The ALJ offered no such evidence, and the Court cannot fill in the ALJ's explanatory gaps. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting "the general rule against post hoc justification of administrative action"). Even if the case were otherwise, the only evidence the Court itself discerns is whatever inference may be drawn from the fact that Dr. Hynes rendered his opinions soon after hearing Torres's self-report of her symptoms. This has nothing necessarily to do with Dr. Hynes's ultimate opinions regarding the specific length of time that Torres can sit and stand, and how often she needs to rest.

\* \* \*

Given all of this, the ALJ failed to give "specific, legitimate reasons" for rejecting the opinion of Dr. Hynes, Torres's treating physician. *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (internal quotation marks omitted). This is error. *Id.*

8

**B.  Harmless Error**

The next question is whether the ALJ's error requires the Court to vacate and remand.  A harmless error finding may save an ALJ's decision "where, based on material the ALJ did at least consider (just not properly)," the Court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005) (internal quotation marks omitted).

The Court finds this standard not satisfied here for two reasons.  First, Dr. Hynes's opinion was the only medical source opinion in the record addressing Torres's physical (as opposed to mental) limitations.  Second, Dr. Hynes was Torres's treating physician, and his opinion was therefore presumptively entitled to greater weight.  *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . .").  Accordingly, the Court cannot confidently say that no reasonable administrative factfinder properly analyzing Dr. Hynes's opinions could have chosen to reject them.  The Court must therefore remand.

**C.  Additional Arguments**

Because the Court vacates and remands for the reasons stated above, the Court need not address the other arguments raised by Torres.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006).  The Court expresses no opinion as to Torres's other

9

arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments.  The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.  *See Kepler v. Chater*, 68 F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case].  Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.  The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 12th day of September, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge